Wanamaker, J.
The defendant in error, Toney Shoemaker, was tried in the common pleas court of Hamilton county upon an indictment charging in substance that he “unlawfully did drive and operate a certain motor vehicle, to-wit, an automobile, of the value of seven hundred dollars ($700), upon the public streets and highways of the city of Cincinnati, in said county of Hamilton and State of *571 Ohio aforesaid, without the consent of Charles Greiwe, then and there the owner of said automobile,” etc.
Upon a plea of not guilty the state and defendant proceeded to trial. During the trial it developed that said Charles Greiwe was not the real owner of the motor car, but only had the same in his possession for the purpose of painting, trimming and repairing, at the time said Shoemaker appropriated it.
Thereupon a motion to quash the indictment was made by the defendant, and sustained by the court for the reason that the word “owner” in Section 12619, General Code, means the real owner and not one who has possession as bailee. Clearly no motion to quash was available to the defendant at this time, he by express provision of the statute having waived the same by a plea of not guilty, and the motion was inappropriately named.
What the court really did, however, was to, hold that there was a fatal variance between the charge in the indictment and the evidence, which entitled the defendant to a discharge from the indictment upon which he was then being tried.
The statute under which this indictment was framed, Section 12619, General Code, reads in substance as follows:
“Whoever purposely takes, drives or operates * * * any motor vehicle without the consent of the owner thereof, shall, * * * be imprisoned,” etc.
This is a recent act, passed in 1913 to meet a very grievous situation. No other vehicle could be so *572 easily stolen and surreptitiously driven away with great speed and danger to the traveling public as the automobile. The public press and the police reports indicated that thousands of crimes of the kind, the country over, were being committed with comparative impunity, the state being unable in most cases to either recover the automobiles or to prove the larceny. It was called “joy riding.” Agreeable to an overwhelming public demand, particularly from the automobile owners, this statute was enacted in order to cover, not the “larcenous” taking, but any “wrongful” taking “without the consent of the owner.” Now it has been repeatedly held that in the charge of larceny, which is concededly the major and graver offense, the ownership of the property may be laid in any bailee, such as an innkeeper, a warehouseman, a pawnbroker, or anyone having lawful possession for some special purpose at the time of the “wrongful” appropriation.
The gist of the offense was not the particular ownership of the property, but the “wrongful” taking. If the taking was “wrongful,” it did not matter who owned the property in question. So far as the thief was concerned it didn’t make any difference who owned it. He did not.
Indeed it has been held again and again, so long that it now needs no citation of authority to sustain the proposition, that one thief may be convicted of stealing an automobile from another thief.
Decisions may be found in the earlier cases that hold the state to the strict requirement of the law in the matter of both pleading and proof, but that *573 day has gone by, and gone for good, and the state is only held now to the substantials of its case, those things that meet the constitutional requirement as to indictments, that the defense has a right to know “the nature and cause of the accusation against him and to have a copy thereof.”
The question, after all, is as to whether or not there was a fatal variance between the pleading and the proof as to ownership. Section 13582, General-Code, reads:
“When, on the trial of an indictment, there appears to be a variance between the statement in such indictment and the evidence offered in proof thereof, in the Christian name or surname, or both or other description of a person therein named or described or in the name or description of a matter or thing therein named or described, such variance shall not be ground for an acquittal of the defendant, unless the court before which the trial is had, finds that such variance is material to the merits of the case or may be prejudicial to the defendant.”
The court made no finding “that such variance is material to the merits of the case or. may be prejudicial to the defendant,” and by virtue of this statute the variance is not fatal until such finding be made.
Greiwe in this case owned and operated a garage. The car in question was stored there, as thousands are every day in Ohio. The real owner of the car may have been out of the city, may have been in a foreign land; but he is entitled to the benefit of the laws of the state for the protection of his car while in the temporary custody of the garage owner, *574 and indictments that allege ownership in the name of such garage owners are sufficient in law. Greiwe was owner enough to be lawfully possessed, and that is sufficient under this statute as well as under the larceny statute. There was no legal variance. The court was wrong in so finding. The exceptions are sustained.

Exceptions sustained.

Newman, Matthias and Donahue, JJ., concur.